(113 App. Div. 223)

## WALTER v. RAFALSKY et al.

(Supreme Court, Appellate Division, First Department. May 11, 1906.)

CONTRACTS—CONSTRUCTION—JOINT OBLIGATION.

Where an instrument recited a valuable consideration, and was under seal, and was between a corporation and three individuals as parties of the first part and plaintiff as party of the second part, and it recited the previous execution of various agreements between the parties relative to the formation of the corporation and the purchase and sale of shares, which agreements imposed liabilities on all the individuals, and provided that plaintiff should sell certain stock in the corporation to one of the first parties, and that, by the making of the agreement, the previous contract should be canceled, and each of the parties released and discharged from all liabilities, and that upon performance by plaintiff the parties of the first part would release him from all claims against him, and that upon the first payment for the stock plaintiff would release all defendants, the first parties were bound jointly, and a breach of the agreement to purchase the stock from plaintiff gave a cause of action against all the first parties.

Patterson and Clarke, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Gustave E. Walter against Rosalie L. Rafalsky and others. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Walter Carroll Low, for appellant.

Frank M. Avery, for respondents.

INGRAHAM, J. The action was to recover damages for the breach of a written contract, under seal, a copy of which was annexed to the complaint. The complaint alleges the execution of the agreement; that the plaintiff has in all respects duly performed it; that the defendants and each of them have failed to perform it and have failed to pay to the plaintiff the sum of $6,567.68, as therein provided, nor has any part thereof been paid, although payment has been duly demanded; that by reason of the facts aforesaid the plaintiff has sustained damages in the sum of $6,567.68; and the complaint demands judgment for that amount. The agreement is between these four defendants, as parties of the first part, and the plaintiff, as party of the second part. It recites an agreement dated December 14, 1897, between the plaintiff and the defendant Rosalie L. Rafalsky relative to the organization of a corporation and the transfer of $10,000 of the capital stock thereof to the plaintiff, and the assumption of certain liabilities by the palintiff; that on the same day the defendants Rosalie L. Rafalsky and Mark Rafalsky entered into an agreement with the plaintiff relative to the repurchase of the said stock from the plaintiff by the said Rosalie L. Rafalsky and Mark Rafalsky, and on the same date an agreement whereby Rosalie L. Rafalsky entered into an agreement with the plaintiff relative to a division of the dividends upon the stock of the corporation and in relation to the expense incurred; an agreement made on the 7th day of April, 1898, between the defendant Mark Rafalsky and the plaintiff relative to the purchase of the stock of the plaintiff in the same corporation, known

as the Imperial Construction Company; an assignment by the defendant Rosalie L. Rafalsky to Albert S. Weill of the agreement relative to the repurchase of the stock from the plaintiff and an assignment by Weill to the defendant Bertrem Levyn; and that the plaintiff had agreed to sell all his stock in the said company, being 100 shares, to said Levyn. The agreement then witnessed that, in consideration of the premises and the sum of $1 and other valuable considerations, the receipt whereof was acknowledged, it was agreed (1) that Levyn, one of the parties of the first part, should purchase from the party of the second part, and the party of the second part should sell to said Levyn, 100 shares of the stock of the Imperial Construction Company for the price or sum of $6,567.68, to be paid for as therein provided. It was further provided that the four several agreements thereinbefore recited should be canceled, and each of the parties released and discharged from all liabilities under said contract, and upon the performance by the plaintiff of the agreement the parties of the first part jointly and severally released the plaintiff from all claims against him, and, upon the first payment being made for the purchase of the stock, the plaintiff released all of the defendants from all claims that he had against them. This agreement was duly executed by all the parties to the action.

The learned trial judge sustained this demurrer upon the ground that, while all the defendants are grouped together as parties of the first part, they are bound only to the extent of their individual promises, express or implied; and that obligation assumed in the first paragraph of the contract affected the defendant Levyn only, and the demurring defendants cannot be held liable for his breach; and to sustain this conclusion two cases were cited. Union Ins. Co. v. Central Trust Co., 157 N. Y. 633, 52 N. E. 671, 44 L. R. A. 227; Berry v. Wood, 152 N. Y. 540, 46 N. E. 952. In Berry v. Wood there were three parties to the agreement, and the promises of the respective parties to each other were separate and clearly defined, and, aside from these stipulations between the parties to the action, the defendant also agreed to employ Berry at a salary of $4,000 per year for three years in consideration of his services for that period, and Berry agreed to enter the service of the defendant upon the terms and conditions aforesaid. In construing this contract the court said:

"Every party to such a contract is bound only to the extent of the promises made by him, and any party thereto may insist upon the performance of any promise made to him or for his benefit by the party or parties who made it. The mere fact that there are three parties to the agreement does not enlarge the effect of any promise, except as it may extend the advantage to two persons, instead of one, where that is the intention. When the promise is to two jointly, a single act of performance satisfied it; but, when it runs to two severally, there are two promises in fact, and each must be performed."

And in speaking of the contract under consideration it was said:

"It will be observed that the stipulations in the contract before us are not all common to the three parties. While the defendant is interested in every stipulation, the interests of the others are mainly severed."

In Union Insurance Company v. Central Trust Company the agreement before the court was a quadripartite agreement. The plaintiff was party of the first part, but the defendant was not a party. This agreement provided that all matters embraced in certain actions, as well

as all other actions or causes of action pending or existing between the parties, should be submitted to arbitration; that a judgment on the award might be entered in the Supreme Court; and that such award should be final. One of the parties deposited with the defendant certain stock to secure the payment of an award. The action was to have the stock sold, and the plaintiffs paid out of the proceeds their costs, expenses, and damages in preparing for the arbitration before its revocation; and it was held that the action could be maintained, and that the stock was liable for the amount of such damage. Neither of these cases seems to be controlling; for, recognizing the rule stated, the question is as to what the parties of the first part to this agreement undertook to do. The instrument itself recites a valuable consideration, and, being under seal, a consideration is presumed. Section 840, Code Civ. Proc. The agreement is between the parties of the first part (defendants) and the party of the second part (plaintiff). By it, it is agreed that the said Levyn, one of the parties of the first part, should purchase from the party of the second part, and the party of the second part should sell to the said Levyn, 100 shares of the stock of the said Imperial Construction Company; and it was also agreed that the four several agreements, two of which provided for the purchase of this stock by two of the defendants from the plaintiff, should be canceled, and each of the parties released and discharged from all liabilities thereunder. Then follows the provisions that, upon the performance of this contract to purchase the stock, the defendants were released from all liability to the plaintiff, and the plaintiff from all liability to the defendants. The clear intent of the parties was to release the reciprocal obligations which had been imposed upon the parties to the agreement by the contracts canceled and the obligations of the present contract substituted. These obligations were that the parties of the first part (defendants) agreed that Levyn should buy the stock, and the party of the second part (plaintiff) would sell it, and that the contracts which imposed obligations upon the parties should be released. It seems to me that there was here a distinct promise by the defendants jointly that Levyn should buy the stock, as well as an obligation on the part of the plaintiff that he would sell the stock to Levyn, and that in consideration of this obligation the contracts were released and canceled. By the making of the agreement all the defendants obtained an advantage in the cancellation of the contract, and as a substitute under the contract for their obligation they agreed that Levyn should purchase the stock. If plaintiff had refused to sell the stock to Levyn, and all the parties of the first part had sustained damage, the defendants would have had a cause of action against the plaintiff. The agreement of the defendants was joint, and it imposed on them a joint obligation, as well as it gave them a joint advantage.

I think therefore that the defendants were bound by their joint promise that Levyn would buy the stock, and that a breach of that promise gave to the plaintiff a cause of action against all the defendants. There being thus a contract made by the defendants with the plaintiff, and a breach of that contract by the defendants, the plaintiff had a cause of action to recover the damages sustained thereby.

It follows that the judgment appealed from must be reversed, with

·costs, and the demurrer overruled, with costs, with leave to the defendants to withdraw the demurrer and answer on payment of costs in this court and in the court below.

.  O'BRIEN, P. J., and LAUGHLIN, J., concur.    PATTERSON and CLARKE, JJ., dissent.